1  Mark L. Javitch* (CA SBN 323729)
   210 S Ellsworth Ave #486
2  San Mateo, CA 94401
   Telephone: 402-301-5544
3  Facsimile: 402-396-7131
   javitchm@gmail.com
4  *Attorney for Plaintiff* and the Class
   *Pending Pro Hac Vice Admission
5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                        DISTRICT OF NEBRASKA

11

12  TERRENCE SHANAHAN, individually and on        Case No.:  8:19-cv-00135
    behalf of all others similarly situated
13                                                **CLASS ACTION COMPLAINT**
                  Plaintiff,
14                                                **JURY TRIAL DEMANDED**
    v.
15
    FORMULA 5 CAPITAL, INC., a California
16  corporation; DENTEMAX, LLC, a Delaware
    limited liability company; JEREMY LENZ, an
17  individual, RESOURCE MANAGEMENT
    GROUP, INC., a North Carolina corporation;
18  MICHAEL L. GABBARD, an individual,
    TAMIKA BRYANT, an individual
19  MACK MILLS, an individual;
    MARC WILSON aka "SGT. MARK", an
20  individual; JOHN DOE 1 aka "COACH JOSH"
    an individual; DAVID SHARPE, an individual
21  d/b/a LEGENDARY MARKETING;
    DNSIMPLE CORP., a Delaware corporation;
22  HOSTGATOR.COM LLC, a Florida limited
    liability company; INMOTION HOSTING, INC.,
23  a California corporation; GODADDY INC., a
    Delaware corporation, and ETISON LLC d/b/a
24  CLICKFUNNELS.COM, an Idaho limited
    liability company.
25
                  Defendants.
26

27

28

                                    1

## CLASS ACTION COMPLAINT

1.     Plaintiff TERRENCE SHANAHAN ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant FORMULA 5 CAPITAL, INC., d/b/a FORMULAFUNDING.COM, Defendant DENTEMAX, LLC, Defendant JEREMY LENZ, Defendant RESOURCE MANAGEMENT GROUP, INC., d/b/a/ RESOURCEMANAGEMENTGRP.COM, Defendant MICHAEL L. GABBARD, an individual,  Defendant TAMIKA BRYANT, Defendant MACK MILLS, Defendant MARC WILSON aka "SGT. MARK", an individual; JOHN DOE 1, aka "COACH JOSH," an individual; DAVID SHARPE, an individual, d/b/a ; DNSIMPLE CORP., a Delaware corporation; HOSTGATOR.COM LLC, a Florida limited liability company; GODADDY INC., a Delaware corporation, Defendant ETISON LLC d/b/a CLICKFUNNELS.COM, and Defendant INMOTION HOSTING, INC. (together, "Defendants") to stop their illegal practice of making unauthorized calls that play prerecorded voice messages to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

### NATURE OF THE ACTION

2.     In the course of selling their services, Defendants placed thousands of automated calls employing a prerecorded voice message to consumers' cell phones nationwide.

3.     Unfortunately, Defendants did not obtain consent prior to placing these calls and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4.     Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*.  Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally.  *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5.     The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants' use of technological equipment to spam consumers with its advertising on a grand scale.

6.      By placing the calls at issue, Defendants have violated the privacy and statutory rights of Plaintiff and the Class.

7.      Plaintiff therefore seeks an injunction requiring Defendants to stop its unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

8.      Plaintiff TERRENCE SHANAHAN is a natural person and is a citizen of the District of Nebraska.

9.      Defendant FORMULA 5 CAPITAL, INC. d/b/a FORMULA FUNDING (Defendant "FORMULA") is a corporation organized and existing under the laws of the State of California with its principal place of business at 5465 Morehouse Drive, Suite 200, San Diego, CA 92121.

10.     Defendant DENTEMAX, LLC (Defendant "DENTEMAX") is a limited liability company organizing and existing under the laws of the State of Delaware with its principal place of business at 25925 Telegraph Road, Suite 400, Southfield, Michigan 48033.

11.     Defendant RESOURCE MANAGEMENT GROUP, INC. ("Defendant RMG") is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business at PO Box 2491, Matthews, North Carolina, 28105.

12.     Defendant MICHAEL L. GABBARD (Defendant "GABBARD") is a natural person. Defendant GABBARD is manager of Defendant RMG and responsible for all actions alleged herein.

13.     Defendant JEREMY LENZ (Defendant "LENZ") is a natural person. Defendant Lenz is President of Defendant Formula and is responsible for all allegations herein.

14.     Defendant TAMIKA BRYANT (Defendant "BRYANT") is a natural person. Defendant BRYANT is responsible for the actions of of Defendant RMG, as she is the person responsible for Defendant RMG's website in public records data.

15.     Defendant MACK MILLS (Defendant "MILLS") is a natural person.

16.     Defendant MARC WILSON (Defendant "WILSON") aka "SGT. MARK," is a natural person.

17.     Defendant JOHN DOE 1 aka "COACH JOSH" (Defendant "COACH JOSH") is a natural person.

18.     Defendant DAVID SHARPE (Defendant "SHARPE") is a natural person doing business as LEGENDARY MARKETER.

19.     Defendant DNSIMPLE CORP. (Defendant "DNSIMPLE") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 2412 Irwin Street, Melbourne, Florida 32901.

20.     Defendant HOSTGATOR.COM LLC (Defendant "HOSTGATOR") is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business at 10 Corporate Drive, Suite 300, Burlington, MA 01803.

21.     Defendant INMOTION HOSTING, INC. (Defendant "INMOTION") is a corporation organized and existing under the laws of the State of California with its principal place of business at 360 N Pacific Coast Hwy, Suite 1055, El Segundo, California 90245.

22.     Defendant GODADDY INC., (Defendant "GODADDY") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 14455 North Hayden Road Suite 100, Scottsdale, Arizona 85260.

23.     Defendant ETISON LLC d/b/a CLICKFUNNELS.COM (Defendant "CLICKFUNNELS") is a limited liability company organized and existing under the laws of the State of Idaho with its principal place of business at 3443 W Bavaria Street, Eagle, Idaho 83616.

## JURISDICTION AND VENUE

24.     This Court has federal subject matter jurisdiction under 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, which is a federal statute.

25.     This Court has personal jurisdiction over Defendants because they placed phone calls into this District and in the State of Nebraska and because the events giving rise to this lawsuit occurred in this District.

26.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants regularly conduct business in the State of Nebraska and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COMMON FACTUAL ALLEGATIONS

27.     Defendants are individuals and companies that either market their services to consumers and small businesses or aid and assist those Defendants by providing website hosting services.

28.     Defendant FORMULA sells fast loans to small businesses.

29.     Defendant DENTEMAX sells dental plans.

30.     Defendant RMG is a debt collection company.

31.     Defendants MILLS, WILSON, AND SHARPE sell information on how to make money.

32.     To increase the reach of their efforts, Defendants repeatedly called and sent prerecorded voice messages to thousands or possibly tens of thousands of cell phones at a time.

33.     When the Class members answered their cell phones or listened to their messages expecting to hear from a real person, Defendants pulled a bait and switch by playing a prerecorded voice message.

34.     Unfortunately, Defendants failed to obtain consent from Plaintiff and the Class before bombarding their cell phones with these illegal voice recordings.

## FACTS SPECIFIC TO PLAINTIFF TERRENCE SHANAHAN

35.     On January 18, 2019, Plaintiff received a call and voicemail from Defendant RMG.

36.     Plaintiff listened to the message and it was a prerecorded voice asking Plaintiff to call Defendant RMG at 980-999-8205 and directing it to its website at resourcemanagementgrp.com.

37.     When the call was returned, Defendant RMG had no explanation for why it called Plaintiff.

38.     Defendant RMG's website at resourcemanagementgrp.com is hosted by Defendant HOSTGATOR.

39.     In total, Defendant RMG called Plaintiff at least 10 (ten) times.

40.     On January 28, 2019, Plaintiff received a call from Defendant FORMULA and/or their agents on his cell phone.

41.     When Plaintiff listened to the message, he heard a prerecorded voice message advertising Defendant FORMULA's services.

42.     Plaintiff called Defendant FORMULA back and was connected with Defendant FORMULA's live telemarketing agent.

43.     In total, Defendant FORMULA called Plaintiff at least 10 (ten) times.

44.     On January 28, 2019, Defendant MILLS called Plaintiff and left an automated voicemail.

45.     When Plaintiff listened to the voicemail, he heard a prerecorded voice message advertising Defendant MILLS' services directing listeners to visit Defendant MILLS' websites, heresmoreinfo.com and realresultsmethod.com

46.     Defendant MILLS' website at heresmoreinfo.com is hosted by Defendant GODADDY.

47.     Defendant MILLS' website at realresultsmethod.com is hosted by Defendant DNSIMPLE and Defendant CLICKFUNNELS.

48.     On February 6, 2019, Defendant WILSON called Plaintiff and left an automated voicemail.

49.     When Plaintiff listened to the voicemail, he heard a prerecorded voice message advertising Defendant WILSON's services directing listeners to visit Defendant WILSON's websites, retirewithsarge.biz, retirewithsarge.com, member.builders and successwithsgtmarc.com.

50.     Defendant WILSON's website at retirewithsarge.biz is hosted by Defendant DNSIMPLE and Defendant CLICKFUNNELS.

51.     Defendant WILSON's website at retirewithsarge.com is hosted by Defendant DNSIMPLE and Defendant CLICKFUNNELS.

52.     Defendant WILSON's website at successwithsgtmarc.com is hosted by Defendant GODADDY.

53.     Defendant WILSON's website at member.builders is hosted by Defendant INMOTION.

54.     In total, Defendant WILSON called Plaintiff at least 25 (twenty) times.

55.     On February 13, 2019, Plaintiff received a call from Defendant DENTEMAX and/or their agents on his cell phone.

56.     When Plaintiff answered, he heard a prerecorded voice message asking him to "press one." Plaintiff was connected with a live agent from Defendant DENTEMAX.

57.     In total, Defendant DENTEMAX called Plaintiff at least 25 (twenty-five) times.

58.     On February 21, 2019, Plaintiff received a call from Defendant SHARPE and/or their agents on his cell phone.

59.     When Plaintiff answered, he heard a prerecorded voice message advertising Defendant SHARPE's services and directing listeners to visit Defendant SHARPE's website, legendarymarketer.com.

60.     In total, Defendant SHARPE called Plaintiff at least 25 (twenty-five) times.

61.     Defendant SHARPE's website at legendarymarketer.com is hosted by Defendant GODADDY.

62.     On February 28, 2019, Plaintiff received a call from Defendant COACH JOSH and/or their agents on his cell phone.

63.     When Plaintiff answered, he heard a prerecorded voice message directing him to Defendant COACH JOSH's websites at veterantowealth.biz, veterantowealth.net, and mywebsite.clickfunnels.com/callie27247710.

64.     Defendant COACH JOSH's websites at veterantowealth.net and veterantowealth.biz are hosted by Defendant GODADDY.

65.     Defendant COACH JOSH's website at mywebsite.clickfunnels.com/callie27247710 is hosted by Defendant CLICKFUNNELS.

66.     In total, Defendant COACH JOSH called Plaintiff at least 10 (ten) times.

67.     Plaintiff never consented to receive calls from Defendants.  Plaintiff has no relationship with Defendants and has never requested that Defendants contact him in any manner.

68.     Defendants' calls violated Plaintiff's statutory rights and his right to privacy.

## CLASS ALLEGATIONS

69.     **Class Definition**: Plaintiff Shanahan brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of himself and a class defined as follows:

> **No Consent Class**.  All persons in the United States who: (1) from the last 4 years to present (2) received at least one telephone call; (3) on his or her cellular telephone; (4) that was called using an autodialer and/or played a prerecorded voice message; (5) for the purpose of performing or selling Defendants' services; (6) where Defendants did not have any record of prior express written consent to place such call at the time it was made.

70.     The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

71.     **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendants placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

72.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

73.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

74.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

75.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may

affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

i.      Whether Defendants' conduct violated the TCPA;

ii.     Whether Defendants' conduct violated the TCPA *willingly* and/or *knowingly*;

iii.    Whether Defendants called and played its voice recordings to thousands of cell phones;

iv.     Whether Defendants obtained prior written consent prior to contacting any members of the Class;

v.      Whether members of the Class are entitled to treble damages based on the knowingness or willfulness of Defendants' conduct.

76.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

77.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

78.     Defendants and/or its agent placed telephone calls to Plaintiff's and the Class members' cellular telephones without having their prior express written consent to do so.

79.     Defendants' calls were made for a commercial purpose.

80.     Defendants played a prerecorded voice message to the cell phones of Plaintiff and the Class members as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii).

81.     As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop their illegal calling campaign.

82.     Defendants and/or its agent made the violating calls "*willfully*" and/or "*knowingly*" under 47 U.S.C. § 227(b)(3)(C).

83.     If the court finds that Defendants *willfully* and/or *knowingly* violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff TERRENCE SHANAHAN, individually and on behalf of the Class, prays for the following relief:

A.     An order certifying the Class as defined above, appointing Plaintiff TERRENCE SHANAHAN as the Class representative and appointing his counsel as Class Counsel;

B.     An order declaring that Defendants' actions, as set out above, violate the TCPA;

C.     An order declaring that Defendants' actions, as set out above, violate the TCPA *willfully* and *knowingly*;

D.     An injunction requiring Defendants to cease all unlawful calls without first obtaining the call recipients' prior express written consent to receive such calls, and otherwise protecting interests of the Class;

E.     An award of actual damages and/or statutory fines and penalties;

F.     An award of reasonable attorneys' fees and costs; and

G.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: March 28, 2019

Respectfully submitted,

TERRENCE SHANAHAN, individually and on
     behalf of all others similarly situated,

By: <u>/s/ Mark L. Javitch           </u>.
Plaintiff's Attorney

Mark L. Javitch (California SBN 323729)*
Mark L. Javitch, Attorney at Law
210 S. Ellsworth Ave #486
San Mateo CA 94401
Tel: 402-301-5544
Fax: 402-396-7131

*Attorney for Plaintiff and the Putative Class*
*Pending Pro Hac Vice Admission